791 P.2d 18

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Earl SEIBER,
Defendant–Appellant.**

**Nos. 17801, 17884.**

Court of Appeals of Idaho.

Dec. 29, 1989.

Addendum March 14, 1990.

Petition for Review Denied
May 24, 1990.

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

A jury found Robert Seiber guilty of grand theft by obtaining control over stolen property. I.C. §§ 18–2403(4), 18–2407(1). For this offense Seiber received a unified six-year sentence with a three-year minimum period of confinement. On appeal, Seiber contends that the trial judge should not have permitted the state to amend its information immediately before trial. Seiber also submits that the trial judge abused his discretion by denying his motion for a new trial based upon jury misconduct and by refusing to place him on probation. In a separate appeal, consolidated for review by this Court, Seiber asserts that the judge erred by denying his motion for a reduction of sentence. For the reasons explained below, we affirm Seiber's judgment of conviction, including his sentence and the court's denial of his motion for a reduction of sentence.

The essential facts of this case are as follows. The police arrested Seiber on charges of burglary in the second degree and grand theft for allegedly stealing firearms. Immediately before his trial was to commence, the prosecution amended the grand theft allegation in the information, to charge Seiber with grand theft by obtaining control over stolen property. Seiber objected to the amendment, arguing that it represented a different offense. The trial judge permitted the amendment. A jury found Seiber guilty of grand theft, but he was acquitted on the related burglary charge. Seiber filed a motion for a new trial under I.C.R. 34, alleging that during voir dire examination a juror had lied about whether she knew Seiber or his family and whether she was biased against them. A hearing was conducted and the trial judge concluded that the juror was not biased against Seiber. Seiber's motion was therefore denied.

The trial judge then imposed the six-year sentence. However, the judge retained jurisdiction so that Seiber could be evaluated for probation by the Department of Correction. The Department's review committee ultimately recommended that the judge discontinue jurisdiction over Seiber. The judge followed the review committee's recommendation, relinquished jurisdiction, and left Seiber in the custody of the Board of Correction. Shortly thereafter, Seiber filed a motion for a reduction of his sentence under I.C.R. 35. Seiber's motion was denied by the trial judge and these appeals followed.

I

Seiber first contends that the district judge should not have permitted the prosecution to amend the information against him at the outset of the trial. Seiber submits that grand theft and grand theft by obtaining control over stolen property are, in effect, different offenses. He therefore maintains that by permitting the prosecution to amend the complaint, the trial judge prejudiced his right to prepare a defense, and further denied him the right to a preliminary hearing to test the sufficiency of the state's case on the amended charge. I.C.R. 5.1(b).

We disagree with Seiber's contentions. Idaho Criminal Rule 7(e) permits the state to amend its criminal complaint, indictment or information anytime before resting its case so long as no additional or *different* offense is charged and the substantial rights of the defendant are not prejudiced. We see no distinction between Seiber's initial charge of grand theft under I.C. § 18–2403(1), and the amended charge of grand theft by obtaining control over stolen property under I.C. § 18–2403(4). In *State v. Major,* 111 Idaho 410, 415, 725 P.2d 115, 120 (1986), the Idaho Supreme Court held that the actual theft of stolen property in one location and the possession of the same stolen property by the same

person in another location was, in effect, the same crime. Furthermore, Idaho Code § 18–2401(2) states "[a]n accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment, information or complaint...." In this context, theft and theft by obtaining control over stolen property are simply alternate "circumstances" under which the crime of theft may be charged. *Compare State v. Cheney*, 116 Idaho 917, 782 P.2d 40 (Ct.App.1989), (review denied) (driving under the influence of alcohol and exercising actual physical control of a motor vehicle while intoxicated are alternative circumstances under which the crime of driving under the influence may be charged); *State v. Banks*, 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987) (amendment of rape charge from "forcible" to "statutory" (based on victim's age) did not state a different offense, but only stated an alternative circumstance to establish the crime of rape).

Of course, any amendment of a charging instrument—even if allowed by statute or rule—must not deprive a defendant of his due process right to notice and opportunity to prepare a defense. Here, there is no showing that the amendment prejudiced Seiber's defense. During argument over the state's amendment, neither the prosecution nor Seiber contended that the evidence which they had prepared to offer at trial would be different from the evidence which they had intended to offer with respect to the pre-amendment grand theft charge. Furthermore, Seiber has failed to identify any element of the charge of theft by control on which the magistrate lacked probable cause to bind him over for trial at the conclusion of the preliminary hearing that was held. We are not persuaded that Seiber was prejudiced by the lack of another preliminary hearing. *See, e.g., State v. Owens*, 101 Idaho 632, 619 P.2d 787 (1980). Finally, we note that if Seiber believed he would be prejudiced by proceeding to trial on the amended charge, he could have requested a continuance in order to prepare more adequately. *State v. Banks, supra.*

His failure to do so is further indicative of a lack of prejudice. We therefore hold that the trial court did not err in permitting the prosecutor to amend the information against Seiber to include the charge of grand theft by obtaining control of stolen property.

## II

Next we address Seiber's motion for a new trial. Seiber contends that the trial judge abused his discretion by denying his request for a new trial because one of the jurors was biased against him. Seiber maintains that after the jury's verdict he was informed by an acquaintance that the juror in question had allegedly told the acquaintance, "I know [Seiber] is guilty and I have wanted to see him put away for a long time." Seiber also submits that the juror knew three of Seiber's brothers, and that the juror's ex-husband was involved in a lawsuit with one of the brothers. Seiber contends that the juror's failure to notify the court of her familiarity with, and feelings toward, Seiber during voir dire examination constituted grounds for a new trial.

The general standard for reviewing the grant or denial of a motion for a new trial under I.C.R. 34 is well settled. The trial judge's decision will be upheld on appeal absent an abuse of discretion. *State v. Scroggins*, 110 Idaho 380, 384, 716 P.2d 1152, 1156 (1985), *cert. denied, Scroggins v. Idaho*, 479 U.S. 989, 107 S.Ct. 582, 93 L.Ed.2d 585 (1986). Recently, we addressed this discretionary authority—in a civil context—in *Roll v. City of Middleton*, 115 Idaho 833, 771 P.2d 54 (Ct.App.1989). In *Roll* we noted that, as in other discretion-exercising functions, the trial court's authority is not boundless. We stated that in determining whether such discretion has been properly exercised we conduct a multi-tiered inquiry. We ask: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Id.* at 836,

771 P.2d at 57. Like *Roll*, this case focuses on the second query—whether the trial judge acted consistent with the legal standards governing his discretionary authority.

■ As explained below, we hold the proper test of determining whether a defendant is entitled to a new trial due to juror misconduct is essentially two-fold. First, the defendant must present clear and convincing evidence that juror misconduct has occurred. Second, the trial court must be convinced that the misconduct reasonably could have prejudiced the defendant. In support of our holding, we note the following. In *State v. Marren*, 17 Idaho 766, 107 P. 993 (1910), the Idaho Supreme Court set forth its standard for reviewing a defendant's request for a new trial based upon juror misconduct. In that case, the Court indicated that a showing of misconduct must be clear and conclusive, and the trial court must be convinced that the defendant has been denied an impartial trial. *Id.* at 794–95, 107 P. at 1003. In *State v. Foster*, 110 Idaho 848, 718 P.2d 1286 (Ct. App.1986) (review denied), we acknowledged this principle, holding that the defendant had failed to sustain his burden of proving that juror misconduct had occurred.

While *Marren* established the defendant's task of producing sufficient evidence of juror misconduct, our decision in *Roll* expanded upon the court's responsibility for determining the effects of such misconduct. Noting that the Idaho Supreme Court has followed the lead of federal courts in evaluating improper influences on juries, we held that the proper standard is whether prejudice reasonably could have occurred due to the juror's misconduct. 115 Idaho at 837, 771 P.2d at 58. Although our decision in *Roll* dealt with a civil dispute, we conclude that the principles enunciated therein regarding juror misconduct are applicable in the criminal context as well. 115 Idaho at 838, n. 4, 771 P.2d at 59, n. 4.

■ We now apply these principles to the present case. In reviewing Seiber's contention of juror misconduct, we note

that the juror's alleged bias against Seiber could have been manifested in two ways: first, as evidenced by the juror's comments allegedly made to the acquaintance shortly after trial; and second, by the juror's failure to inform the court during voir dire examination that she knew Seiber and his brothers.

With regard to the juror's alleged statements to the acquaintance, we conclude that Seiber did not meet his burden of proving juror misconduct. At the hearing on his motion for a new trial, Seiber presented an affidavit of the acquaintance which stated that the juror had made the disparaging statements regarding Seiber. The juror in question testified in rebuttal. She stated that after Seiber's trial was completed she had a conversation with the acquaintance and informed him that she was "glad [the trial] was over with." The juror's statement was substantiated by the testimony of her ex-husband and the testimony of another individual who had been present during the conversation between the juror and the acquaintance. Based upon the evidence presented, the judge concluded that the juror was not biased against Seiber during trial. In doing so, the judge weighed the evidence and evaluated the demeanor of the witnesses. We will defer to his determination of the facts.

With regard to the juror's failure to inform the court of her familiarity with Seiber, we again conclude that Seiber has failed in his burden to establish juror misconduct. At the hearing on Seiber's motion for a new trial, the juror testified that she had previously met Seiber on one occasion. The juror also stated that she had hired Seiber's brothers to do some work for her on her farm. She further testified that she was aware her ex-husband was involved in a legal dispute with one of Seiber's brothers. However, the juror stated that she was unaware that she knew the defendant until he was brought into the courtroom at the beginning of the trial, and that she did not consciously try to conceal her familiarity during voir dire examination. The juror also testified that prior to completion of the trial she did not form an opinion regarding

Seiber's guilt or innocence. Based upon this evidence, the trial judge concluded that Seiber had failed, even under a "preponderance of the evidence" standard, to show that he had been denied a fair trial. In rendering his opinion, the judge indicated that he reached his decision based upon the reliability of the juror's testimony. We again acknowledge that the judge was within his authority to weigh evidence and to evaluate credibility. Furthermore, we note that even if Seiber had demonstrated that the juror engaged in some misconduct by failing to speak up when she recognized him, the trial judge concluded that such misconduct could not have prejudiced Seiber. The judge stated that in spite of any collateral knowledge which the juror may have possessed about Seiber, it was the court's opinion that the juror had no reason to be biased against Seiber in this case. We believe the judge ruled properly. We therefore hold that Seiber was not entitled to a new trial based on the alleged juror misconduct.

### III

■ We next address Seiber's claim that the trial judge erred by relinquishing jurisdiction to the Board of Correction. Seiber contends that upon completion of his initial three-month period of custody, he received evaluation reports by staff members which were, on the whole, favorable. However, Seiber asserts that because of his past criminal record, and because of several comments he made to the review committee regarding his plans for earning money, the committee recommended that the trial court drop its jurisdiction. Seiber contends that due to the staff members' favorable comments, the trial judge should have retained jurisdiction and placed him on probation.

The standard of review involving relinquishment of jurisdiction over a criminal defendant is whether the trial court abused its discretion. *See State v. Shofner*, 103 Idaho 767, 653 P.2d 1179 (Ct.App.1982). In this instance, the judicial review committee's report ultimately recommended dropping jurisdiction over Seiber based upon his prior record and upon a perception that, due to a lack of social and educational skills, Seiber essentially would have a difficult time complying with the conditions of his probation. Based upon the review committee's recommendation, the trial court's decision to relinquish jurisdiction of Seiber was well-founded. We therefore hold that the trial judge did not abuse his discretion in relinquishing jurisdiction over Seiber.

### IV

■ Finally, we address the district court's denial of Seiber's motion under I.C.R. 35 for reduction of the six-year sentence with a three-year minimum period of confinement. Our standard of review of a trial judge's decision on a Rule 35 motion is well settled. A motion under Rule 35 for reduction of sentence essentially is a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the trial court. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). On appeal, we will determine whether the entire record, including the facts presented in connection with the motion, shows the court has abused its discretion in failing to grant the leniency requested. *See State v. Stanfield*, 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

In this case, Seiber contends that the trial judge should have placed him on probation because continued incarceration would diminish his chances of eventual rehabilitation. In his order on Seiber's Rule 35 motion, the trial judge stated that he was denying the motion because the sentence did not appear unjust, excessive or disproportionate in light of the crime Seiber committed. At Seiber's sentencing hearing, the trial judge noted that Seiber had a history of criminal activity which per-

suaded him not to grant probation at that time. We see no abuse of discretion in the trial judge's decision. Based upon our analysis in *Sanchez,* the three-year minimum period of confinement—a judicially determined "price" which Seiber must pay for his crime—is not rendered unreasonable simply because it will have an arguably negative impact upon Seiber's rehabilitation. Furthermore, the sentence imposed upon Seiber is well within the statutory limits for this offense (fourteen years and $5000 fine). I.C. § 18–2408(2).

The judgment of conviction and the order denying Seiber's motion for reduction of sentence are affirmed.

BURNETT, J., and CAREY, J. Pro Tem., concur.

## ADDENDUM

### UPON DENIAL OF PETITION FOR REHEARING

PER CURIAM.

In a petition for rehearing, Seiber has argued again that he should have received a new trial in light of juror misconduct and that he should have been placed on probation after the period of retained jurisdiction. The probation issue requires no further discussion here. We deem it appropriate, however, to add a comment regarding the juror misconduct issue.

As noted in our lead opinion, the district judge ruled from the bench that Seiber had failed, even under a preponderance of the evidence standard, to show that he had been denied a fair trial. The judge's choice of words arguably confuses two distinct questions. The first question is whether juror misconduct actually occurred. On this question, the party alleging misconduct has the burden of proof, which must be satisfied with clear and convincing evidence. *State v. Foster,* 110 Idaho 848, 718 P.2d 1286 (Ct.App.1986) (review denied); *State v. Marren,* 17 Idaho 766, 107 P. 993 (1910). The second question, to be addressed if juror misconduct exists, is "whether prejudice reasonably could have occurred." *Roll v. City of Middleton,* 115 Idaho 833, 837, 771 P.2d 54, 58 (Ct.App. 1989). In this case the district judge, who did not have the benefit of *Roll,* apparently employed an *actual* prejudice standard rather than determining whether prejudice *reasonably could have* occurred.

Ordinarily, when a judge makes a discretionary ruling by reference to an incorrect standard, the proper appellate remedy is to vacate the ruling and to remand the case for further consideration in light of the clarified standard. *E.g., Kunzler v. Kunzler,* 109 Idaho 350, 707 P.2d 461 (Ct.App. 1985). However, such a remand is unnecessary if it is plain from the judge's own expressed reasoning that the result would not change. *Dyer v. State,* 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989). This is such a case. The judge said he believed the juror's statement that her acquaintance with Seiber's brother produced no bias against Seiber himself. The judge further noted that the jury unanimously had acquitted Seiber on one of the two charges against him. In light of this explanation, we deem it clear that the outcome of the prejudice issue would have been the same, whether addressed in an actual prejudice context or upon a determination of whether prejudice reasonably could have occurred.

Accordingly, we continue to uphold the judge's denial of Seiber's motion for a new trial. The petition for rehearing is denied.