923 P.2d 439

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Doyle ROBERTS, Defendant–Appellant.**

No. 22717.

Supreme Court of Idaho, Lewiston, May 1996 Term.

Aug. 27, 1996.

Rehearing Denied Oct. 4, 1996.

Fuller & Williams, Twin Falls, for appellant. Timothy J. Williams argued.

Alan G. Lance, Attorney General; L. La Mont Anderson, Deputy Attorney General, argued, Boise, for respondent.

## ON REVIEW

SILAK, Justice.

Douglas Doyle Roberts (Roberts) appeals from the denial of his new trial motion challenging the district court's evidentiary ruling that if he presented alibi evidence that he was out of state during the time period that three girls alleged prior uncharged molestations, the State would be permitted to show that Roberts spent this out of state time incarcerated in Nevada for a prior offense. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Roberts was charged with lewd and lascivious conduct with a minor under sixteen pursuant to I.C. § 18–1508, and sexual abuse of a child under sixteen pursuant to I.C. § 18–1506. The charges stemmed from Roberts' molestation of his step-granddaughter, S.H., when she was nine or ten years old. Roberts filed a motion in limine to exclude evidence proffered by the State that he committed sexual abuse against four other young girls. Three of the girls, B.H., A.H., and K.H., were also step-granddaughters of Roberts. The fourth girl, J.L., was the daughter of a woman with whom Roberts had once lived. The district court granted Robert's motion as to J.L., but allowed B.H., A.H., and K.H. to testify to experiences of sexual abuse by Roberts similar to that which he was charged with committing against S.H.

In order to impeach the testimony of the three girls, Roberts sought to have his wife testify that he was out of the state during the time period that the three girls alleged the sexual abuse occurred. Although Roberts wished to present to the jury the fact that he was out of state, he did not want the jury to learn the reason for his absence. In fact, during the time period in question, late 1988 through December 1990, Roberts was in a Nevada prison serving a sentence for a voluntary manslaughter conviction. Roberts made a second motion in limine to preclude the State from presenting evidence concerning his incarceration in Nevada.

The district court ruled that if Roberts presented testimony that he was out of state from late 1988 to December 1990, the State would be permitted to elicit evidence that he was incarcerated during that time. The State would not, however, be permitted to divulge the fact that he was incarcerated for voluntary manslaughter. Thus, the district court's ruling requested Roberts to choose between (1) using his alibi evidence, with the prejudicial consequence that the jury would learn of the prior conviction, or (2) foregoing the alibi evidence, thereby relinquishing a potential means of impeaching the three girls

who testified to uncharged molestations. Roberts elected to forego his alibi evidence so as to prevent disclosure of his past incarceration.

Following a guilty verdict on both counts, Roberts moved for a new trial arguing that he received ineffective assistance of counsel and that the evidentiary ruling impermissibly dissuaded him from presenting his alibi evidence. The district court acknowledged that its evidentiary ruling may have been incorrect, but concluded that a new trial was not warranted because it could not "be said to have probably changed the outcome of the trial." The court also rejected Roberts' ineffective assistance of counsel claim.

Roberts was sentenced to serve a unified life sentence with a ten-year minimum confinement for the lewd and lascivious conduct conviction and a concurrent determinate term of five years imprisonment for the sexual abuse conviction. The district court denied Roberts' subsequent motion for a reduction of the sentences under I.C.R. 35.

Roberts appealed. The Court of Appeals affirmed the district court's denial of Roberts' motion for a new trial. We granted Roberts' petition for review.

## II.

### ISSUES ON APPEAL

1. Whether the district court abused its discretion in denying Roberts' motion for a new trial.
2. Whether the district court abused its discretion in denying Robert's motion for reconsideration of sentence.

## III.

### STANDARD OF REVIEW

This case comes before the Supreme Court on a petition for review of the Court of Appeals' decision. In such a case, the decision of the Court of Appeals is valued for the insight it provides in addressing the issues on appeal. *Spence v. Howell*, 126 Idaho 763, 768, 890 P.2d 714, 719 (1995). While we give serious consideration to the views expressed by the Court of Appeals, we review the opinion of the trial court directly. *Schiewe v. Farwell*, 125 Idaho 46, 49, 867 P.2d 920, 923 (1993).

## IV.

### ANALYSIS

**A. The District Court Did Not Abuse Its Discretion In Denying Roberts' Motion For A New Trial Based On Ineffective Assistance Of Counsel.**

We can dismiss this issue summarily. Idaho Code Section 19–2406 sets forth the grounds upon which a new trial may be granted to a criminal defendant. Only those grounds provided can support the grant of a new trial. *State v. Gomez*, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994), *cert. denied*, 513 U.S. 1005, 115 S.Ct. 522, 130 L.Ed.2d 427 (1994). Because a claim for ineffective assistance of counsel is not one of the enumerated grounds, Roberts' allegation does not state a basis for a new trial under I.C. § 19–2406. *Gomez*, 126 Idaho at 86, 878 P.2d at 785. Roberts' ineffective assistance of counsel claim is more appropriately considered through an application for post-conviction relief. *Id.* Accordingly, the district court did not abuse its discretion in denying this portion of Roberts' motion for a new trial.

**B. The District Court Correctly Denied Roberts' Motion For A New Trial Based On The Incorrect Evidentiary Ruling.**

Unlike an ineffective assistance of counsel claim, a new trial may be granted where the trial court "has erred in the decision of any question of law...." I.C. § 19–2406. As a result, Roberts' challenge of the district court's evidentiary ruling states a cognizable basis for the grant of a new trial under I.C. § 19–2406.

Having stated a claim cognizable under I.C. § 19–2406, the trial court may grant a new trial "if required in the interest of justice." I.C.R. 34. The grant or denial of a new trial is committed to the sound discretion of the trial court which this Court will not disturb absent an abuse of that discretion. *State v. Lankford*, 116 Idaho 860,

873, 781 P.2d 197, 210 (1989); *State v. Scroggins,* 110 Idaho 380, 384, 716 P.2d 1152, 1156 (1986). The trial court will not be found to have abused its discretion unless a new trial was granted for a reason not delineated in the code or unless the decision was "manifestly contrary to the interests of justice." *Lankford,* 116 Idaho at 873, 781 P.2d at 197.

We begin our analysis by inquiring into the propriety of the district court's evidentiary ruling. The district court concluded that it would be unfair to allow Roberts to elicit alibi testimony without allowing the State to establish that Roberts' absence from Idaho was due to the fact he was incarcerated in Nevada. Roberts claims that the district court's incorrect ruling placed him on the horns of an impermissible dilemma, *i.e.,* that he was forced to choose between (1) using his alibi evidence, with the prejudicial consequence that the jury would learn of the prior conviction, or (2) foregoing the alibi evidence, thus relinquishing an effective impeachment of the corroborating witnesses' allegations of uncharged sexual molestations. Roberts argues that evidence of his incarceration had no relevance for the purposes of proving the case against him, and to the extent that it had any relevance, the evidence should have been excluded under I.R.E. 403 because its probative value was substantially outweighed by its unfair prejudicial impact.

■ Relevant evidence is evidence which has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. Evidence of Roberts' incarceration would not have made more probable any element of the State's case against him. Rather than undermining Roberts' alibi, evidence of his incarceration in Nevada during the relevant time period would have strengthened it. Thus, no prejudice to the State would have resulted from the jury being uninformed about the reason

behind Roberts' absence from Idaho. Further, the fact of his incarceration would only have impermissibly invited the jury to infer that Roberts had a criminal propensity and that he was more likely to have committed the offenses charged in the present case. The admission of evidence for such a purpose is strictly prohibited by I.R.E. 404. Accordingly, we agree that the fact of Roberts' incarceration was not relevant to any element of the State's case against him, and conclude the district court erred in denying Roberts' motion to exclude evidence concerning his imprisonment in Nevada.

Having so concluded, we must now determine whether this error required that Roberts be granted a new trial. Roberts contends that had he been allowed to present his alibi evidence to impeach the three girls' testimony regarding the uncharged acts of sexual abuse, the jury would have questioned the veracity of S.H. and that an acquittal probably would have resulted.[1] The district court ruled that any error resulting from its incorrect evidentiary ruling "cannot be said to have probably changed the outcome of the trial."

■ In order to determine whether the district court should have granted Roberts' motion for a new trial, we must decide whether the court's incorrect evidentiary ruling on the alibi constituted harmless or reversible error. I.C.R. 52 provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In determining whether an error has affected a defendant's substantial rights, this Court must ask whether it appears, beyond a reasonable doubt, "that there was no reasonable possibility that the error contributed to the conviction." *State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995); *State v. Sharp,* 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980).

---

1. Roberts does not contest the admissibility of the three witnesses' testimony for purposes of corroborating the victim's testimony. In *State v. Moore,* 120 Idaho 743, 819 P.2d 1143 (1991), this Court held that in a trial for a sex offense against a seven-year-old girl, evidence of similar offenses against similar victims was admissible to show a

general plan to exploit and sexually abuse an identifiable group of young girls and to corroborate the victim's testimony. *See also, State v. Phillips,* 123 Idaho 178, 845 P.2d 1211 (1993), and *State v. Tolman,* 121 Idaho 899, 828 P.2d 1304 (1992).

K.H., the oldest of the three witnesses and sixteen at the time of the trial, was the only witness of the three who gave definitive testimony as to the time when her alleged abuse took place. While not stating the exact year, she testified that Roberts abused her three years prior to the trial. The prosecutor then asked if it had occurred in "1989 roughly," and K.H. answered affirmatively. B.H., fifteen at the time of the trial, testified that Roberts abused her more than three years prior to the trial. The trial occurred in February 1993. A.H. testified that she could not remember when Roberts allegedly touched her inappropriately. The impeachment evidence as to Roberts' absence from the state of Idaho from late 1988 through 1990 would have therefore potentially impeached only one of the witnesses, K.H., as to the time frame of the alleged inappropriate touching. Such evidence would not have impeached other aspect's of K.H.'s testimony, including where the molestation took place and the nature of the alleged touching.

K.H.'s testimony regarding her alleged molestation was impeached through one of the witnesses that the defense called on rebuttal, Craig Carroll. Carroll was a sergeant on the Kimberly police department. He assisted the Department of Health and Welfare in interviewing both K.H. and A.H. regarding their molestation charges against Roberts. Carroll's testimony regarding what K.H. told him differed from that of the witness herself. He stated that he had interviewed her in 1989, and that she had told him Roberts had touched her in the buttocks area. At trial, K.H. testified that the alleged touching involved her breasts. Carroll also stated that she had said nothing had happened in Twin Falls county or in Kimberly, but that "something might have happened in Nevada." At trial, K.H. testified that the alleged molestation had happened at the home of her grandmother, which the jury knew was located in Twin Falls county. Finally, Carroll stated that no charges were filed against Roberts as a result of the investigation into the molestation allegations of K.H. and A.H.

Carroll's testimony provided impeachment of K.H.'s testimony in several important respects: the nature of the touching and the location of the touching. He also testified that no charges were brought against Roberts, which also indirectly impeaches K.H. Thus, when K.H.'s testimony is viewed in the light of the rebuttal testimony of Carroll, we conclude beyond a reasonable doubt that there was not a reasonable possibility that the exclusion of the Nevada alibi evidence contributed to Roberts' conviction.

Additionally, it is important to note that the testimony of S.H., the victim herself, would not have been impeached by the alibi evidence. The time frame of S.H.'s testimony related to 1991 and 1992.

Based upon the above analysis of the record, we conclude that the district court did not err in denying the motion for a new trial. We are convinced beyond a reasonable doubt that there was not a reasonable possibility that the error in excluding the alibi evidence contributed to Roberts' conviction. *Cf. State v. Seitter,* 127 Idaho 356, 359, 900 P.2d 1367, 1370 (1995).

## C. The District Court Did Not Abuse Its Discretion In Denying Roberts' Motion For Reconsideration Of His Sentence.

The district court imposed a unified life sentence with a minimum term of ten years' confinement for the lewd and lascivious conduct conviction and a concurrent determinate sentence of five years for the sexual abuse conviction. On appeal, Roberts argues that the inability to make use of the alibi evidence at trial tainted his sentencing in that the district court relied on the testimony of the three witnesses in concluding that Roberts presented a danger to society. We find this argument to be without merit. First, the alibi did not have the impeachment force attributed to it by Roberts, and the alibi evidence was known to the district court. This evidence was not excluded at sentencing. Thus, the erroneous evidentiary ruling that deterred Roberts from presenting his alibi evidence at trial had no effect on the outcome at sentencing.

Additionally, contrary to Roberts' assertion, it was proper for the district court to consider the three witnesses' testimony in

determining Roberts' sentences. A sentencing court may consider a wide range of information when determining an appropriate sentence, including consideration of a defendant's alleged criminal activity even if no charges have been filed. *State v. Coffin,* 104 Idaho 543, 548–49, 661 P.2d 328, 333–34 (1983); *State v. Ott,* 102 Idaho 169, 170, 627 P.2d 798, 799 (1981).

Roberts next contends that his sentences were excessive. In determining whether a sentence is excessive, we review it for abuse of the district court's discretion. A legal sentence will not be disturbed on appeal unless it is unreasonably harsh in view of the sentencing objectives of protecting society, deterrence, rehabilitation and retribution. *State v. Broadhead,* 120 Idaho 141, 146, 814 P.2d 401, 406 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

In order to show that the district court abused its discretion by imposing the sentence that it did, Roberts must show that the sentence was unreasonable upon the facts of the case. *Broadhead,* 120 Idaho at 145, 814 P.2d at 405. The reasonableness of a sentence is determined by looking to the probable length of confinement. *Id.* In reviewing a sentence imposed under the Unified Sentencing Act, the probable length of confinement is the fixed portion of the sentence. *Id.* at 146, 814 P.2d at 406. Thus, this Court must determine whether the minimum sentence of ten years for lewd and lascivious conduct with a minor under sixteen and the concurrent five-year term for sexual abuse of a minor under sixteen were unreasonable in Roberts' case.

We conclude that Roberts has not demonstrated that the sentences are excessive under any reasonable view of the facts. Having reviewed the record, we find no fault in the district court's conclusion that the minimum terms were necessary because there was an undue risk that Roberts would commit other, similar offenses and because lesser sentences would belittle the seriousness of the crimes.

Finally, in response to Roberts' argument that the district court erred in denying his motion for reduction of the sentences pursuant to I.C.R. 35, the State argues that due to the district court's delay in ruling upon the motion until some eighteen months after it was filed, the district court lost jurisdiction to grant the motion, regardless of the merits. We conclude that the Court need not pass upon this jurisdictional question, however, because Roberts has made no additional argument in support of his Rule 35 motion other than those which we have already considered and rejected above in connection with his appeal of the sentences. We thus affirm the denial of Roberts' Rule 35 motion.

## V.

### CONCLUSION

We hold that the district court did not abuse its discretion in denying Roberts' motion for a new trial based upon his ineffective assistance of counsel argument because this claim is not one of the enumerated grounds for a new trial under I.C. § 19–2406.

We further hold that the district court correctly denied Roberts' motion for a new trial based upon the incorrect evidentiary ruling. While the district court erred in its ruling on the admissibility of Roberts' alibi evidence, it was harmless error.

Finally, we hold that Roberts' sentences were not excessive and the denial of the Rule 35 motion is affirmed.

The judgment of conviction and the sentences imposed are affirmed.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.