146 P.3d 703

STATE of Idaho, Plaintiff–Respondent,

v.

Stephen Ray BOLEN, Defendant–Appellant.

No. 31294.

Court of Appeals of Idaho.

Oct. 17, 2006.

Review Denied May 2, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas R. Tharp, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge Pro Tem.

Stephen Ray Bolen was found guilty of sexual abuse of a child under the age of sixteen years, Idaho Code § 18–1506(1)(a). In this appeal he contends that the district court erred in denying his motion for a new trial, brought upon allegations of juror inat-

tentiveness, and that his unified term of imprisonment of fourteen years, with seven years determinate, is excessive. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ten days following return of the jury verdict of guilty, Bolen filed a motion for a new trial pursuant to Idaho Criminal Rule 34. In support of his motion Bolen submitted three affidavits containing allegations that three separate jurors were either inattentive and/or were sleeping during the two-day trial. Bolen's own affidavit stated that juror # 152 "appeared to be dozing on and off" and that juror # 119 "paid no attention to anything in the courtroom and was drawing a very large and detailed picture that would take more concentration than just doodling." The affidavit of Katrina Welch, paralegal to and trial assistant for defense counsel, stated that juror # 152 "fell asleep several times during the proceedings" and that juror # 119 "appeared to be taking copious notes" but when Welch observed her "notes" at the end of trial, it turned out to be a "highly complex, detailed drawing which covered the entire page." Lastly, the affidavit of Emelo Belmonte, a co-worker of Bolen who attended the trial, averred that juror # 139 "was not being attentive to the testimony of some of the witnesses" and "appeared to be nodding off during some portions of the trial."

The district court, here not the judge who presided over the trial, held a hearing on the motion. In response to the court's inquiry, counsel for both sides agreed that the presiding judge was not informed of any alleged juror inattention or sleeping during the trial.[1] Defense counsel further stated that he was personally unaware of any such misconduct until after the case had been submitted to the jury. At the conclusion of the hearing, the district court orally denied the motion on a number of grounds. The court held that a new trial was not warranted because the defense did not timely inform the trial court of the jurors' alleged inattention when noticed during the trial. The district court further held, in essence, that the affidavits did not constitute clear and convincing evidence that juror misconduct had actually occurred.

## II.

## ANALYSIS

### A. Standard of Review

 Idaho Criminal Rule 34 sets forth the standard that the trial court "may grant a new trial to the defendant if required in the interest of justice." However, I.C. § 19–2406 promulgates the only permissible substantive bases for the grant of a new trial in a criminal case. *State v. Cantu,* 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997); *State v. Gomez,* 126 Idaho 83, 86, 878 P.2d 782, 785 (1994). Here, Bolen asserted jury misconduct as the ground for his motion. *See* I.C. § 19–2406(3).[2] A trial court has wide discretion to grant or refuse to grant a new trial. *Cantu,* 129 Idaho at 674, 931 P.2d at 1192. That discretion is not abused unless a new trial is granted for a reason that is not delineated in the code or unless the decision to grant or deny a new trial is contrary to the interest of justice. I.C.R. 34; *Gomez,* 126 Idaho at 86, 878 P.2d at 785. To prevail on a motion for a new trial based upon a claim of jury misconduct "by which a fair and due consideration of the case has been prevented," the defendant must present clear and convincing evidence that juror misconduct has occurred and the trial court must be convinced that the misconduct reasonably could have prejudiced the defendant. *State v. Reutzel,* 130 Idaho 88, 96, 936 P.2d 1330,

---

1. No affidavit was obtained from the trial judge regarding his observations, if any, on this issue.

2. The statute provides, in relevant part:
 When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:

 . . . .
 3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any *misconduct by which a fair and due consideration of the case has been prevented.*
 (Emphasis added.)

1338 (Ct.App.1997); *State v. Seiber*, 117 Idaho 637, 640, 791 P.2d 18, 21 (Ct.App.1989).

## B. The District Court Did Not Abuse Its Discretion in Denying Bolen's Motion for a New Trial

The state first asserts that the district court was correct in its holding that a new trial was not warranted because the defense did not timely inform the trial court of the jurors' alleged inattention or sleeping when noticed during the trial. With respect to the observations set forth in the affidavits of Bolen and Welch, we agree.

In *State v. Baker*, 28 Idaho 727, 156 P. 103 (1916), the district court denied the defendant's motion for a new trial brought on the ground of juror misconduct with regard to discussions between the jurors and physical demonstrations that occurred during a jury viewing of the crime scene. On appeal, our Supreme Court affirmed, holding:

> The appellant having consented to the view, and being present with his counsel during the view, is chargeable with knowledge of any irregularity or any error that may have taken place in his presence. It follows that if misconduct occurs in his presence, he should take the first opportunity to present such error to the trial judge for action....
>
> ... The appellant assigns as error the misconduct of the jury for the first time after verdict. We have examined the authorities with care on this question, and we have been unable to find any authority that will permit a defendant, knowing that a jury has been guilty of misconduct, to take the position that he is satisfied with that misconduct and await the action of the jury, and upon an adverse verdict, assign such misconduct as error and be granted a new trial.

*Id.* at 738, 156 P. at 106–07 (citations omitted). Similarly, in *State v. Fox*, 52 Idaho 474, 16 P.2d 663 (1932), the defendant moved for a new trial on the ground that the jury was not kept together prior to the time they were impaneled and the trial court denied the motion. Again, our Supreme Court stated:

> The affidavits of appellants' counsel show they knew of this situation, but no objection was interposed thereto, nor any request made that they be kept together, and such criticism is now too late. Defendants and their counsel may not stand by without objection to a course of action pursued by the trial court; take their chances on the outcome of the trial; and, if it be unfavorable, condemn that which in effect they acquiesced in, and sanctioned by silence.

*Id.* at 497, 16 P.2d at 672 (citations omitted).

▮ The reasoning of *Baker* and *Fox* is still sound. With respect to the instant issue, if jury misconduct occurs during trial and is unknown to the defendant and defense counsel until after a guilty verdict, relief may lie pursuant to a motion for a new trial. In contrast, if the jury misconduct is known to the defendant or to defense counsel and no timely request is made of the trial court to ameliorate the same or take other curative action, a post-verdict motion for a new trial on that basis will not lie. In essence, the rule is a corollary of the contemporaneous objection rule as to evidence. *See* Idaho Rule of Evidence 103(a)(1). As the United States Supreme Court has noted, "[a]llegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks or months after the verdict, seriously disrupt the finality of the process." *Tanner v. United States*, 483 U.S. 107, 120, 107 S.Ct. 2739, 2747, 97 L.Ed.2d 90, 106 (1987).

With regard to the instant circumstance of inattentive or sleeping jurors, the great weight of authority from other jurisdictions is in accord with the reasoning of *Baker* and *Fox* in that if the defendant or his counsel know that a juror is sleeping or otherwise inattentive and the matter is not brought to the attention of the trial court, post-verdict relief will not be granted pursuant to a motion for a new trial or mistrial. *See United States v. Rivera*, 295 F.3d 461, 470–71 (5th Cir.2002); *United States v. Krohn*, 560 F.2d 293, 297 (7th Cir.1977); *Whiting v. State*, 516 N.E.2d 1067, 1067–68 (Ind.1987); *Randleman v. State*, 552 P.2d 90, 93–94 (Okla.Crim. App.1976); *see generally* cases collected in George L. Blum, Annotation, *Inattention of*

*Juror from Sleepiness or Other Cause as Ground for Reversal or New Trial,* § 5 Necessity of Preserving Claim of Error for Review, 59 ALR 5th 1, 58 (1998).

▉ Here, the trial observations of defendant Bolen and Welch, a member of the defense trial team, are both chargeable to the defense. Had the trial court been informed of the jurors' alleged misconduct as set forth in their affidavits, it could have, in its discretion, conducted an inquiry of individual jurors[3] to determine whether they were in fact inattentive and/or had been sleeping during the trial and could have made a contemporaneous record of its own observations on the matter. If a trial court concludes that juror inattention had actually occurred, and if relief is requested, the court can take remedial steps including admonishment of any inattentive juror, replacement of a juror with an alternate[4] or, in appropriate circumstances, declaration of a mistrial. In addition, and of immediate impact to the instant appeal, the matter would be preserved for appellate review to the extent that the defendant takes exception to the trial court's chosen course of action. In accord with Idaho law and that of other jurisdictions, because the defense chose not to bring their observations of alleged inattentive jurors to the trial court's attention until ten days after the trial concluded, the district court did not err in denying relief pursuant to the motion for a new trial on the basis of the Bolen and Welch affidavits.

▉ Remaining for consideration is the affidavit of Belmonte. Although he is a co-worker of Bolen, and thus presumably a friend of the defense, it is unnecessary for us to determine whether his observations should be charged to the defense. Instead, we conclude that his general averments that juror # 139 "was not being attentive to the testimony of some of the witnesses" and "appeared to be nodding off during some portions of the trial" fall significantly short of satisfying the threshold of clear and convincing evidence that juror misconduct occurred. *Reutzel,* 130 Idaho at 96, 936 P.2d at 1338; *Seiber,* 117 Idaho at 640, 791 P.2d at 21. Accordingly, the district court did not err in denying relief pursuant to the motion for a new trial on the basis of the Belmonte affidavit.

## C. The Sentence Is Not Excessive

Bolen asserts that his unified term of imprisonment of fourteen years, with seven years determinate, is excessive in light of his military record, his otherwise good character, his remorse, his significant alcohol problem, and the fact that the instant offense was his first felony.

▉ Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

▉ After a night of heavy drinking, Bolen broke into a home around 2 a.m., stripped and crawled into bed with the sleeping thirteen-year-old female child. Over a number of hours, he French kissed, licked and fondled the child, albeit through the victim's clothes and without penetration. Eventually, Bolen was found nude in the family backyard and was arrested. The victim and the victim's family had never seen Bolen before. In imposing sentence, the district court focused on the severe traumatic effect of Bolen's conduct upon the victim and his nighttime

---

3. We note that I.R.E. 606(b) prohibits post-verdict inquiry of a juror, save for the limited circumstances of extraneous prejudicial information, outside influence and determination of any issue by resort to chance.

4. The record reflects that one alternate juror was selected to hear this case.

violation of the sanctity of the residence and safety of the family. Based on Bolen's statements to the girl during the encounter, the court determined that, despite his drunkenness, Bolen knew what he was doing and acted with intent to sexually abuse the underage victim. Under these circumstances, we cannot say that the sentence imposed is excessive.

## III.

### CONCLUSION

We conclude that the district court did not err in denying the motion for a new trial and that the sentence imposed was not excessive. The judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.