**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35032/35061**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 53** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 17, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CALVIN CHAMP STRANGE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Stephen W. Drescher, District Judge.

Order denying motion for new trial, <u>affirmed</u>.

John Prior, Nampa, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lisa J. Mesler, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Calvin Champ Strange appeals from the district court's denial of his motion for new trial. We affirm.

## I.

## BACKGROUND

In August 2007, Strange was found guilty of possession of a controlled substance, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, Idaho Code § 37-2734(A). Two months later the district court received a letter from one of the jurors in Strange's case, expressing concerns about the way the case was investigated and also the acoustics in the courtroom.[1] After obtaining a copy of this letter from the district court, Strange filed a motion for new trial pursuant to Idaho Criminal Rule 34 and I.C. § 19-2406. The juror had indicated

---

[1] At the end of the trial, the district court encouraged jurors to send letters if they had suggestions for improving the jury service experience.

that she had difficulty hearing all that was said during the trial, as did other members of the jury. In fact, one gentleman was given an assistive listening device mid-way through the two-day trial. The district court ordered the release of juror contact information so that Strange could subpoena the jurors for an evidentiary hearing. At the evidentiary hearing, three jurors, including the one who wrote the letter, admitted having difficulty hearing during the trial. One was the man who used the assistive listening device, and another stated that he really only had issues understanding Strange's defense counsel. All of the jurors testified that they could hear every question asked of a witness and all of the witnesses' answers. The juror who wrote the letter reaffirmed her belief that Strange was proven guilty beyond a reasonable doubt. The district court denied Strange's motion for new trial, and sentenced him to a unified term of five years, with one and one-half years determinate on the possession charge. This appeal followed.

## II.

## DISCUSSION

Strange contends that the district court erred by denying his motion for new trial.[2] A court may grant a new trial if it is "required in the interest of justice." I.C.R. 34. Although I.C.R. 34 sets forth the standard for a new trial, I.C. § 19-4206 promulgates the only permissible substantive bases for the grant of a new trial in a criminal case. *State v. Bolen*, 143 Idaho 437, 439, 146 P.3d 703, 705 (Ct. App. 2006); *see also State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997); *State v. Gomez*, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994). A trial court has wide discretion to grant or refuse to grant a new trial. *Bolen*, 143 Idaho at 439, 146 P.3d at 705; *Cantu*, 129 Idaho at 674, 931 P.2d at 1192. That discretion is not abused unless a new trial is granted for a reason that is not delineated in the code or unless the decision to grant the new trial is contrary to the interest of justice. I.C.R. 34; *Bolen*, 143 Idaho at 439, 146 P.3d at 705; *Gomez*, 126 Idaho at 86, 878 P.2d at 785. On appeal, this Court will not disturb the exercise of discretion absent a showing of manifest abuse. *Cantu*, 129 Idaho at 674, 931 P.2d at 1192; *State v. Olin*, 103 Idaho 391, 648 P.2d 203 (1982). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether

---

[2] In his brief on appeal, Strange lists a second issue for this Court's consideration--whether the evidence was sufficient to support a conviction. However, Strange does not mention this issue again except in a single sentence in his conclusion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Pursuant to Idaho Code, a new trial may be granted:

. . . .
3. When the jury has separated without leave of the court after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented.
4. When the verdict has been decided by lot or by any means other than a fair expression of opinion on the part of all the jurors.
. . . .
7. When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial.

I.C. § 19-2406. Strange originally moved for a new trial on the basis of newly discovered evidence, referring to the issues brought forth in the juror's letter. However, the facts shown at the evidentiary hearing and relied upon in the district court's denial of the motion indicated that the court viewed subsections (3) and (4) of I.C. § 19-4206 as the basis for the motion. To prevail on a motion for a new trial based upon a claim of jury misconduct "by which a fair and due consideration of the case has been prevented," the defendant must present clear and convincing evidence that juror misconduct has occurred and the trial court must be convinced that the misconduct reasonably could have prejudiced the defendant. *Bolen*, 143 Idaho at 439, 146 P.3d at 705; *State v. Reutzel*, 130 Idaho 88, 96, 936 P.2d 1330, 1338 (Ct. App. 1997); *State v. Seiber*, 117 Idaho 637, 640, 791 P.2d 18, 21 (Ct. App. 1989). Where the trial court denies a motion for new trial after conducting an evidentiary hearing, we defer to the court's findings of fact. *Seiber*, 117 Idaho at 640, 791 P.2d at 21.

Idaho courts have not previously considered whether a juror's inability to hear testimony constitutes juror misconduct. A juror's inattentiveness, through sleeping or drawing during witness testimony, may constitute misconduct. *See Bolen*, 143 Idaho at 440-41, 146 P.3d at 706-07. Here, Strange has failed to show by clear and convincing evidence that the juror's difficulty with hearing constitutes misconduct. The complaints from the jurors dealt with what they considered bad acoustics and a poor sound system. Aware of the problem during trial, the court instructed defense counsel on separate occasions to speak louder. One juror needed the use of a listening enhancement device, which was provided. Post trial, the jurors, upon questioning,

indicated that they were able to hear the questions presented to the witnesses at trial as well as the answers. The difficulty in hearing was not attributed to the jurors. Therefore, the district court did not err in determining no juror misconduct occurred.

Even if we assume the difficulty with hearing amounted to misconduct, Strange failed to show he was prejudiced thereby. To establish prejudice, a defendant must show the identity and duration of the specific testimony, argument or instructions the juror missed. *See, e.g.*, *Chubb v. State*, 640 N.E.2d 44, 48 (Ind. 1994); *Ratliff v. Commonwealth*, 194 S.W.3d 258, 276 (Ky. 2006); *State v. Chestnut*, 643 S.W.2d 343, 346-47 (Tenn. Crim. App. 1982); *see also State v. Hayes*, 17 P.3d 317, 319-21 (Kan. 2001) (reversing trial court's denial of motion for mistrial based on juror's complete inability to hear defendant's testimony, which violated defendant's rights to an impartial jury and due process). In this case, the jurors who had difficulty hearing during the trial testified that their greatest difficulty was with hearing defense counsel when he was sitting down at the defense table. Strange failed to identify any specific portion of the trial that the jurors missed because they were having a hard time hearing defense counsel. The general complaint expressed by the jurors is insufficient to show prejudice. *See, e.g.*, *People v. King*, 121 P.3d 234, 241-42 (Colo. Ct. App. 2005); *Durham v. State*, 867 A.2d 176, 181 (Del. 2005). The district court did not err in determining that there was no basis to determine that the jurors were unable to receive and consider fully the evidence presented at trial.

### III.
### CONCLUSION

Strange has failed to show by clear and convincing evidence that the jurors committed misconduct based on difficulties in hearing during the trial. Even assuming that an inability to hear constitutes misconduct, Strange has not shown any specific portions of the testimony or argument that the jurors missed which could reasonably have prejudiced him. The district court's order denying Strange's motion for new trial is affirmed.

Chief Judge LANSING and Judge PERRY **CONCUR**.

4