PER CURIAM.
We reverse Malarney’s conviction and remand for a new trial. On his appeal, defendant has raised six issues dealing with the exclusion or admission of evidence. We agree with him as to two separate categories.
The exclusion of the testimony of several witnesses from Texas was error. The proposed testimony about procedures used in Texas regarding the investigation of sexual abuse complaints was directly relevant and was in rebuttal of direct testimony given by the alleged victim as to a previous 1985 abuse complaint in Texas. Similarly, the proffered testimony from the witnesses in Texas as to the victim’s relationship with her family was also directly relevant and in response to testimony from the alleged victim. There was no basis to exclude the evidence.
We also reverse because of the exclusion of defendant’s expert psychological testimony. His psychologist would have testified that the techniques used in interviewing the alleged victim were unreasonably suggestive and that the victim’s “affect” was inconsistent with sexual abuse. A critical issue was the credibility of the complaining witness. The defense should be allowed broad leeway in offering contrary evidence on the subject of an alleged victim’s credibility. While it might not be proper for the state to bolster its case in chief with psychological expert testimony to the effect that the victim’s story *741 is psychologically credible or believable, see Glendening v. State, 536 So.2d 212 (Fla.1988), it is not necessarily equally improper for a defendant to show that the interviewing techniques and procedures of the abuse treatment experts played a role in planting a story into a young, impressionable child’s mind.
The reversal of defendant’s conviction renders moot the state’s appeal on the sentencing issue.
REVERSED AND REMANDED FOR NEW TRIAL.
WARNER and FARMER, JJ., concur.
FARMER, J., specially concurs with opinion.
DIMITROULEAS, WILLIAM P., Associate Judge, specially concurs and dissents with opinion.