Belknap
No. 97-554

THE STATE OF NEW HAMPSHIRE

v.

WAYNE SARGENT

July 29, 1999

*Philip T. McLaughlin*, attorney general (*N. William Delker*, attorney, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. After a jury trial in Superior Court (*Smukler*, J.), the defendant, Wayne Sargent, was convicted on three counts of aggravated felonious sexual assault, *see* RSA 632-A:2 (1996 & Supp. 1998), and six counts of felonious sexual assault, *see* RSA 632-A:3 (1996 & Supp. 1998). On appeal, the defendant argues that the trial court erred by ruling that expert testimony on the possibility of false memory implantation in children through improper and suggestive interviewing techniques was inadmissible. We reverse and remand.

The defendant was charged with sexually assaulting his two step-children and one of their friends. All three of the alleged victims testified at trial. On cross-examination, the defense elicited testimony from the children that demonstrated that they delayed disclosure of the abuse, made inconsistent statements, and recanted prior statements. Following their testimony, the State called Dr. Patricia Cone, a forensic child psychologist, as an expert to testify about child sexual abuse accommodation syndrome. This syndrome is characterized by behaviors exhibited by sexually abused children

such as delayed disclosure, inconsistent statements, and recantations.

The defendant's theory was that these same characteristics could be caused by improper interview techniques that result in the implantation of false memories. To rebut Dr. Cone's testimony, the defendant sought to introduce testimony both through his own expert witness and the cross-examination of Dr. Cone on the danger of improperly-conducted interviews of children. The defendant made an offer of proof that both his expert witness and Dr. Cone would have testified that there is a danger of implanting false memories through suggestive and coercive questioning of children. The defendant also proffered questions used during one of the investigative interviews to show that the interview techniques in this case were improper.

The trial court ruled that expert testimony on improper interview techniques of children was inadmissible because the effects of suggestive and coercive questioning was a subject not outside the ken of the average juror. The State's evidence essentially consisted of the three children's testimony. The jury convicted the defendant of nine sexual assault charges, and this appeal followed.

New Hampshire Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The decision to admit expert testimony rests within the sound discretion of the trial court. *See State v. Searles*, 141 N.H. 224, 227, 680 A.2d 612, 615 (1996). We will reverse this decision "only if the appealing party can demonstrate that the ruling was untenable or unreasonable and that the error prejudiced the party's case." *Id.* (quotation omitted).

The defendant argues that the danger of false memory implantation from suggestive and coercive questioning of children is a matter beyond the ken of the average juror. He contends that by precluding expert testimony on this subject, the trial court "deprived him of his constitutional rights to confront and cross examine adverse witnesses and to present proofs favorable to his defense" guaranteed by the Sixth Amendment of the United States Constitution and Part I, Article 15 of the New Hampshire Constitution. Because we decide this case on nonconstitutional grounds, we need not address the

defendant's State and federal constitutional claims. *See Appeal of Barry*, 142 N.H. 284, 285, 700 A.2d 296, 297 (1997).

We have previously discussed child sexual abuse accommodation syndrome. *See State v. Cressey*, 137 N.H. 402, 411, 628 A.2d 696, 702 (1993). This syndrome "proceeds from the premise that a child has been sexually abused and seeks to explain the resulting behaviors and actions of the child." *Id*. "Several of the common behaviors . . . such as a child's delayed disclosure of abuse, inconsistent statements about abuse, and recantation of statements of abuse, may be puzzling or appear counterintuitive to lay observers when they consider the suffering endured by a child who is continually being abused." *Id*. In *Cressey*, we held that expert testimony to prove that a particular child has been sexually abused is inadmissible. *See id*. at 412, 628 A.2d at 703. We held, however, that "expert testimony explaining the peculiar behaviors commonly found in sexually abused children may aid a jury in accurately evaluating the credibility of a child victim witness." *Id*.

Similarly, expert testimony on the danger of false memory implantation from improper interview techniques may aid a jury in evaluating the reliability of a child's recollections. *See id*.; *State v. Kirschbaum*, 535 N.W.2d 462, 466-67 (Wis. Ct. App. 1995); *see also State v. Michaels*, 642 A.2d 1372, 1377-79 (N.J. 1994) (reliability of child's recollection jeopardized by the use of coercive or highly suggestive interrogation techniques). Furthermore, if a child witness sincerely believes that the suggested sexual abuse actually occurred, cross-examination of that child witness may not effectively test the reliability of the child's recollection. *See Cressey*, 137 N.H. at 410, 628 A.2d at 701; *Kirschbaum*, 535 N.W.2d at 467. Of course, expert testimony concerning a particular child witness's veracity is inadmissible, *see Cressey*, 137 N.H. at 412, 628 A.2d at 703, because that determination is solely within the province of the jury, *see State v. Reynolds*, 136 N.H. 325, 328, 615 A.2d 637, 639 (1992).

The State argues that expert testimony on the effects that suggestive and leading questions have on children is a matter within the common knowledge and understanding of the average juror. Accordingly, the State argues that this evidence is not appropriate subject matter for expert testimony. In support of this argument, the State cites to other jurisdictions which have held that expert testimony on this subject is inadmissible. *See, e.g., State v. Ellis*, 669 A.2d 752, 753-54 (Me. 1996); *State v. Swan*, 790 P.2d 610, 632 (Wash. 1990); *Daniel v. State*, 923 P.2d 728, 740 (Wyo. 1996).

■ We decline to follow these cases. Instead, we agree with those jurisdictions that find that the proper protocols and techniques used to interview child victim witnesses is a matter not within the knowledge and understanding of the average juror. *See, e.g., Barlow v. State,* 507 S.E.2d 416, 417-18 (Ga. 1998); *State v. Gersin,* 668 N.E.2d 486, 488 (Ohio 1996); *Kirschbaum,* 535 N.W.2d at 466-67. There must be a particularized showing that improper interview techniques were used, however, before a party can introduce expert testimony. *See Kirschbaum,* 535 N.W.2d at 467. In this case, the defendant provided the trial court with examples of improper interview techniques and transcripts of the children's recorded interviews. The transcripts contain examples of suggestive and leading questions that the children were asked. Furthermore, the defendant made an offer of proof that his proposed expert witness would have testified that there is a danger that a child will respond with the answer that a leading question is suggesting. The defendant also made an offer of proof that Dr. Cone, the State's expert witness, would have testified that there is a danger of confabulation by asking children leading questions. For these reasons, we conclude that the defendant made a sufficient particularized showing that improper interview techniques were used.

■ The State argues that even if the defendant should have been allowed to admit expert testimony on proper interview techniques of children, the error was harmless. "The burden is on the State to prove harmless error, and this burden is met only if we can conclude beyond a reasonable doubt that the evidence did not affect the verdict." *State v. Taylor,* 141 N.H. 89, 92, 677 A.2d 1093, 1095 (1996) (quotation and ellipsis omitted). This case was essentially a credibility contest between the children and the defendant. We are not convinced beyond a reasonable doubt that the excluded expert testimony would not have influenced the jury's assessment of the children's credibility. Accordingly, we hold that the error was not harmless. *Cf. Reynolds,* 136 N.H. at 329, 615 A.2d at 640.

Because the trial court ruled that the defendant's proffered expert testimony was inadmissible on the ground that such evidence was within the purview of the jury, we reverse and remand. Because of the result reached, it is not necessary to address the defendant's remaining arguments.

*Reversed and remanded.*

All concurred.