**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38540**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 44** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: August 27, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ROBERT D. CRITCHFIELD, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Charles W. Hosack, District Judge.

Order granting motion for a new trial, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for appellant. Mark W. Olson argued.

Siebe Law Offices, PLLC, Moscow, for respondent. James E. Siebe argued.

_____

LANSING, Judge

The State of Idaho appeals from the district court's order granting defendant Robert D. Critchfield's motion for a new trial due to the erroneous exclusion of defense evidence at his initial trial. We affirm.

**I.**

**BACKGROUND**

In this case, involving nine separate children, the State tried Critchfield on two charges of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and seven charges of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506. Early in the investigation, the alleged victims, ranging in age from nine to fourteen at the time, were individually interviewed by five different law enforcement officers. Each of the victims later testified at trial.

The defense sought to present at trial the testimony of Dr. Gregory Wilson, an expert in law enforcement interview techniques. At a number of hearings on the State's objection to this

1

testimony, the defense represented that Dr. Wilson would testify that he had reviewed recordings of the law enforcement interviews of the victims and that they were improperly conducted. According to the offer of proof, Dr. Wilson would opine that in order to obtain an accurate witness account of events, an interviewer should first ask open-ended questions seeking a witness's narrative and then go back and question on details for further clarification and to reveal consistencies or inconsistencies. The interviewers here, said Dr. Wilson, did not do this and, for example, sometimes made statements to an alleged victim suggesting that Critchfield had touched her in a specific way or committed a particular act and then asked whether this had occurred. The interviewing officers also sometimes informed a victim of other victims' allegations about what Critchfield had done. According to Dr. Wilson, the interview techniques employed were improperly suggestive and often called for a victim to agree with the interviewing officer, an authority figure, or with other victims, thereby possibly altering or tainting the perception and memory of a particular victim.

The State objected that Dr. Wilson should not be allowed to testify because the State had not introduced the content of the law enforcement interviews of the victims through recordings of the interviews or through testimony of the officers. In the absence of such evidence, the State contended, Dr. Wilson would necessarily be testifying to an opinion that the victims' trial testimony was not truthful, which is a category of opinion evidence that is inadmissible under Idaho law. The defense countered that it would not ask Dr. Wilson to give an ultimate opinion that any individual victim's testimony was tainted, contaminated, not truthful or not credible. The district court ultimately excluded Dr. Wilson's testimony. The court concluded that because neither recordings of the interviews nor testimony from the officers concerning the content of the interviews was placed into evidence by the State, Dr. Wilson's testimony was not relevant.

The jury found Critchfield guilty of one count of lewd conduct and one count of sexual abuse, returned not guilty verdicts on four counts of sexual abuse, and was unable to reach a unanimous verdict on the three remaining charges.

Critchfield thereafter moved for a new trial on the two counts on which he was found guilty, asserting that the district court had erred in excluding Dr. Wilson's testimony. The district court granted the motion, concluding that it should have allowed the expert to testify concerning proper interview techniques, the purposes behind those techniques, and how improper techniques were utilized in the victim interviews at issue. The court further concluded

that its error was not harmless as there was a reasonable possibility that the exclusion of Dr. Wilson's testimony affected the outcome of the trial. The State appeals from the district court's order for a new trial, contending that Dr. Wilson's testimony was properly excluded at the initial trial.

## II.

### STANDARDS

If evidence is relevant, it is admissible "except as otherwise provided by [the Idaho Rules of Evidence] or by other rules applicable in the courts of this state." Idaho Rule of Evidence 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. On appellate review, questions of relevance are reviewed *de novo. State v. Watkins*, 148 Idaho 418, 421, 224 P.3d 485, 488 (2009); *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Opinion testimony regarding scientific, technical, or other specialized knowledge, presented by a qualified expert witness, is generally admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." I.R.E. 702. A trial court has discretion in the admission or exclusion of expert testimony, and its decision will be reviewed for an abuse of discretion. *State v. Perry*, 139 Idaho 520, 521, 81 P.3d 1230, 1231 (2003).

A court may grant a new trial if, during the course of the trial, the court has "erred in the decision of any question of law," I.C. § 19-2406(5), including evidentiary error. A trial court has wide discretion to determine whether to grant or to deny a criminal defendant's motion for a new trial. *State v. Almaraz*, ___ Idaho ___, ___, ___ P.3d ___, ___ (May 31, 2012) *reh'g pending*; *State v. Bolen*, 143 Idaho 437, 439, 146 P.3d 703, 705 (Ct. App. 2006). This Court reviews a denial of a motion for new trial for an abuse of discretion. *State v. Stevens*, 146 Idaho 139, 144, 191 P.3d 217, 222 (2008). That discretion generally is not abused unless a new trial is granted for a reason that is not delineated in Idaho Code § 19-2406 or the decision to grant or deny a new trial is contrary to the interest of justice. *Bolen*, 143 Idaho at 439, 146 P.3d at 705. Where a new trial is sought on an assertion of trial court error in admitting or excluding evidence, if error has occurred the issue becomes whether the incorrect evidentiary ruling was harmless or reversible error. *State v. Roberts*, 129 Idaho 194, 198, 923 P.2d 439, 443 (1996); *State v. Howell*, 137 Idaho 817, 820, 54 P.3d 460, 463 (Ct. App. 2002). A trial error will be deemed harmless if the

3

appellate court can conclude, beyond a reasonable doubt, that the jury's verdict would have been the same absent the error. *State v. Moore*, 131 Idaho 814, 821, 965 P.2d 174, 181 (1998); *Giles v. State*, 125 Idaho 921, 925, 877 P.2d 365, 369 (1994).

## III.

## ANALYSIS

As the State acknowledges, most other jurisdictions addressing the issue have held that expert opinion testimony to show that a witness's memory has been tainted by improper interview techniques is generally admissible. *See, e.g.*, *Washington v. Schriver*, 255 F.3d 45, 50, 57 (2d Cir. 2001); *United States v. Rouse*, 111 F.3d 561, 570-71 (8th Cir. 1997); *State v. Speers*, 98 P.3d 560, 565-67 (Ariz. Ct. App. 2004); *State v. Malarney*, 617 So. 2d 739, 740-41 (Fla. Dist. Ct. App. 1993); *Barlow v. State*, 507 S.E.2d 416, 417-18 (Ga. 1998); *State v. Huntley*, 177 P.3d 1001, 1008 (Kan. Ct. App. 2008); *Jenkins v. Com.*, 308 S.W.3d 704, 711-13 (Ky. 2010); *State v. Sloan*, 912 S.W.2d 592, 596-97 (Mo. Ct. App. 1995); *State v. Sargent*, 738 A.2d 351, 354 (N.H. 1999); *State v. Michaels*, 642 A.2d 1372, 1384 (N.J. 1994); *State v. Gersin*, 668 N.E.2d 486, 494 (Ohio 1996); *State v. Wigg*, 889 A.2d 233, 239 (Vt. 2005); *State v. Kirschbaum*, 535 N.W.2d 462, 466-67 (Wis. Ct. App. 1995). We agree with these decisions, for evidence that reasonably casts doubt upon the accuracy or reliability of a witness's testimony on material matters is ordinarily relevant. *See, e.g.*, *State v. Wright*, 147 Idaho 150, 156, 206 P.3d 856, 862 (Ct. App. 2009); *State v. Karpach*, 146 Idaho 736, 739-41, 202 P.3d 1282, 1285-86 (Ct. App. 2009); *State v. Farlow*, 144 Idaho 444, 448, 163 P.3d 233, 237 (Ct. App. 2007).

Dr. Wilson's proffered testimony was relevant for this purpose. The State's case-in-chief included the testimony of every alleged victim; each victim attributed unlawful acts to Critchfield; and each had been interviewed by officers prior to the trial. In granting a new trial, the district court correctly recognized that Dr. Wilson's testimony would be relevant to challenge the reliability of the victims' trial testimony about instances of abuse by showing how their memories of events may have been altered by improper interview techniques.

The State notes, however, that in many of the foregoing decisions, the prosecution had presented the content of the witness interviews or had presented expert testimony endorsing the employed interviewing techniques before the defense offered its expert testimony on proper interview techniques. The State reasons that because in this case the prosecution *did not* present in its case-in-chief the content of witness interviews or expert testimony approving the officers'

interview techniques, the expert testimony offered by the defense was not admissible. We disagree. None of the cases cited by the State condition the admissibility of the defense expert testimony in the manner urged by the State. Nor would such a limitation be proper. Once the alleged victims' testimony was entered into evidence, the accuracy and reliability of their memories was at issue, and evidence that their memories may have been contaminated by suggestive interview techniques became relevant.

The State also argues that Dr. Wilson's testimony would be inadmissible as usurping the jury's function or invading the province of the jurors, but this contention does not comport with Idaho law. Certainly, testimony giving one witness's opinion as to the truthfulness of another witness is an invasion of the province of the jurors, who are the judges of the credibility of witnesses. *Perry*, 139 Idaho at 525, 81 P.3d at 1235. The Supreme Court of the Territory of Idaho so held more than 100 years ago. *People v. Barnes*, 2 Idaho 148, 150, 9 P. 532, 533 (1886). Expert opinion testimony to this effect is inadmissible because the testimony does not "assist the trier of fact" as required for admissibility under I.R.E. 702.[1] *State v. Perry*, 150 Idaho 209, 229, 245 P.3d 961, 981 (2010); *State v. Jackson*, 151 Idaho 376, 380, 256 P.3d 784, 788 (Ct. App. 2011). That is, experts may not testify to opinions that the average juror would be qualified to draw from the evidence utilizing the juror's common sense and normal experience. *State v. Joslin*, 145 Idaho 75, 81, 175 P.3d 764, 770 (2007). However, "an expert's opinion, in a proper case, is admissible up to the point where an expression of opinion would require the expert to pass upon the credibility of witnesses or the weight of disputed evidence." *Perry*, 139 Idaho at 525, 81 P.3d at 1235; *State v. Hester*, 114 Idaho 688, 696, 760 P.2d 27, 35 (1988). *See also State v. Christiansen*, 144 Idaho 463, 468, 163 P.3d 1175, 1180 (2007). Only venturing beyond that point would usurp the jury function.

Here, the offer of proof regarding Dr. Wilson's proposed testimony did not include any such prohibited opinion on the credibility of any victim witness or on Critchfield's guilt. Rather, Dr. Wilson was prepared to testify that law enforcement interviews of the alleged victims were so suggestive when they called for a victim to agree with the interviewing officer, an authority

---

[1] Similarly, lay witness opinion testimony as to the truthfulness of another witness's testimony is inadmissible because the testimony does not provide information "helpful . . . to the determination of a fact in issue" as required by I.R.E. 701. *State v. Herrera*, 152 Idaho 24, 34, 266 P.3d 499, 509 (Ct. App. 2011).

5

figure, or with other victims' descriptions of Critchfield's conduct, that they created a risk that the victims' perceptions or memories had been altered by the interviews. The defense made it clear that Dr. Wilson would not be asked to give an ultimate opinion that any individual victim's testimony was tainted or not credible. In other words, Dr. Wilson would critique the officers' interview methods, not the alleged victims' accuracy or honesty.

A recent opinion of the Idaho Supreme Court makes it clear that this proffered testimony would not cross the line between admissible expert testimony and that which would invade the province of the jury. In *Almaraz*, ___ Idaho at ___, ___ P.3d at ___, the district court allowed the defense to present expert testimony from a cognitive psychologist about the types of suggestive photo line-up procedures that can render an eyewitness identification unreliable, but precluded the expert from testifying about the suggestiveness of the photo identification procedure used during the police interview of an eyewitness on the ground that such testimony invaded the province of the jury. The Supreme Court held that the limitation was error, stating:

> The district court allowed [the expert] to testify about the proper guidelines and procedures that should be followed during police interviews and how certain types of conduct can affect one's memory. This Court finds that having [the expert] go through the audio recording of [the police officer's] interview with [the eyewitness] would have been helpful to the average juror's understanding of whether the interview comported with proper police procedures. The court should not overly restrict expert testimony that assists the jury. This Court finds that it would have assisted the jury to allow [the expert] to point out specific instances of suggestive conduct in Officer Sloan's interview and to explain the nature and significance of certain overly suggestive acts, such as turning off the tape recorder in the middle of a crucial point during the interview. In reaching this holding, the Court still recognizes that an expert cannot opine to the accuracy of the eyewitness identification or the credibility of any witness as those matters are reserved for the jury.
>
> Nevertheless, testimony relating to the proper guidelines for conducting an accurate interview or lineup, whether or not those procedures were followed in the case at hand, and the consequences of non-compliance with those procedures does not invade the province of the jury.

In this case, the defense did not offer any expert testimony beyond that deemed admissible by *Almaraz* and other Idaho precedent, and the district court here did not err in holding that Dr. Wilson's testimony should have been admitted.

The district court also correctly determined that this error was not harmless. This case turns almost exclusively on the accuracy and reliability of the victims' testimony. The

6

evidentiary error here deprived the jury of relevant evidence offered to assist them in determining whether the victims' testimony was tainted by suggestive interview techniques. We agree with the district court's determination that its error in excluding Dr. Wilson's testimony at trial was not harmless.

The district court's order granting a new trial is affirmed, and this case is remanded to the district court for further proceedings.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**