# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38675

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 487 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIRK JULLIARD GOSCH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and sentences for two counts of trafficking in marijuana, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Kirk Julliard Gosch appeals following his conviction for two counts of trafficking in marijuana. He asserts that the evidence was insufficient to support one count of trafficking, that the court made an erroneous evidentiary ruling at trial, and that the court abused its discretion at sentencing and at his Idaho Criminal Rule 35 hearing. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In February 2010, law enforcement officers arranged for an informant to attempt to purchase marijuana from Gosch. On February 2, while officers observed, the informant met with Gosch in a parking lot. Gosch threw a bag into the informant's car and the informant gave

1

Gosch cash. Shortly thereafter, the informant delivered a bag containing approximately one pound of marijuana to the officers.[1] The following day, law enforcement officers executed a search warrant at Gosch's residence and seized two vehicles regularly driven by Gosch and his girlfriend, Kasie Gordon.[2] Seven bags containing a total of 2.88 pounds of marijuana were discovered in Gosch's vehicle.

The State charged Gosch with one count of trafficking for possessing or delivering at least one pound of marijuana to the informant on February 2, and with a second count of trafficking in marijuana for the possession of at least one pound of marijuana on February 3. Idaho Code § 37-2732B(a)(1)(A). The State also alleged that Gosch was subject to a persistent violator sentence enhancement because he had previously been convicted of at least two felonies. I.C. § 19-2514. At trial, the jury returned a guilty verdict on each of the two counts of trafficking in marijuana, and Gosch pleaded guilty to the persistent violator sentencing enhancement. The district court imposed concurrent unified sixteen-year sentences with six-year determinate terms for each count. Gosch subsequently moved for a reduction of his sentence pursuant to Rule 35, but the district court denied the motion. Gosch appeals.

## II.

## ANALYSIS

### A. Sufficiency of the Evidence

Gosch asserts that the evidence supporting count one was insufficient because the State did not prove that the bag of marijuana provided to the police by the informant was the same bag that Gosch delivered to the informant, and thus that the State failed to prove that Gosch possessed or delivered the marijuana. Appellate review of the sufficiency of the evidence is limited in scope. In assessing the sufficiency of evidence, we will uphold a judgment of conviction entered upon a jury verdict so long as there is substantial evidence upon which a

---

[1] The marijuana delivered by the informant weighed slightly less than one pound. However, "the weight of the controlled substance as represented by the person selling or delivering it is determinative if the weight as represented is greater than the actual weight of the controlled substance." I.C. § 37-2732B(c).

[2] Both vehicles were titled in Gordon's name, but she testified that she was the primary driver of one of the vehicles, and Gosch was the primary driver of the other. For purposes of this opinion, we will refer to the vehicles as "Gordon's vehicle" and "Gosch's vehicle," respectively.

rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009). Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id*. On appeal, this Court must view the evidence in the light most favorable to the prosecution. *State v. Sheahan*, 139 Idaho 267, 286, 77 P.3d 956, 975 (2003). Further, we will not substitute our own judgment for that of the jury on matters such as the credibility of witnesses, the weight to be given to certain evidence, and the reasonable inferences to be drawn from the evidence. *Severson*, 147 Idaho at 712, 215 P.3d at 432.

Gosch correctly asserts that the informant did not testify at trial, that no witness identified the bag the informant delivered to the police as the same bag that Gosch threw into the informant's car, and that the police did not search the bag for fingerprints. However, the State presented overwhelming circumstantial evidence that Gosch possessed or delivered the marijuana.

The State introduced an audio recording of a telephone call between the informant and Gosch in which the informant seemed to arrange the purchase of one pound of marijuana for $2,800.[3] In preparation for the controlled buy, the police provided the informant with marked bills to purchase the marijuana, equipped him with a recording device, and searched his person and vehicle. Several officers observed as the informant met with Gosch and Gordon in a gas station parking lot. One of the officers testified that Gosch exited Gordon's vehicle, opened the trunk, retrieved what "looked like a small package, possibly plastic-type grocery bag kind of wrapping" from the trunk of the car, and then returned to speak with the informant. Gordon testified that a few seconds after Gosch opened the trunk, Gosch threw a bag into the informant's car and the informant gave Gosch money. On the recording, Gosch can be heard counting the

---

[3] On the recording, the informant can be heard requesting to meet "somewhere we could weigh it," and informing Gosch that he has enough money to purchase a "full one," and both Gosch and the informant can be heard discussing a price of $2,800. At trial, a law enforcement officer testified that a "full one" was slang for a pound, and that a pound of marijuana typically sold for between $2,500 and $3,500.

money and arguing with the informant because it was $500 short,[4] and the informant suggested that he would provide the remaining cash and purchase an additional "quap," slang for a quarter pound, later that afternoon. The informant met the officers approximately ten to fifteen minutes later, and delivered a plastic grocery bag containing approximately one pound of marijuana. The following day, the police executed a search warrant at Gosch's residence. A total of $365 of cash from the controlled buy was discovered in Gosch's wallet. Based on this evidence, a rational trier of fact could conclude that the prosecution proved that Gosch knowingly possessed or delivered the marijuana to the informant in violation of Idaho Code § 37-2732B(a)(1)(A).

## B. Relevance of Testimony

At trial, defense counsel questioned an officer about a search that was conducted at a house belonging to Gosch's parents. The State objected on relevance grounds, and the district court sustained the State's objection. On appeal, Gosch asserts that the district court erred in excluding the testimony because the testimony would have shown that no incriminating evidence was found at the home, making it "somewhat less likely that Mr. Gosch was the person responsible for the delivery of marijuana to the informant and responsible for trafficking in marijuana by possessing the marijuana found in the two vehicles."

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Idaho Rule of Evidence 401. Evidence that is not relevant is not admissible. I.R.E. 402. On appellate review, questions of relevance are reviewed *de novo*. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Critchfield*, 153 Idaho 680, 683, 290 P.3d 1272, 1275 (Ct. App. 2012). Gosch did not reside with his parents and was not charged with keeping marijuana at their house. Therefore, evidence that no marijuana or other incriminating evidence was discovered at Gosch's parents' home had little or no tendency to make it more or less probable that Gosch delivered marijuana to the informant, or that he possessed the marijuana that was discovered in his vehicle.

However, even if we were to assume that the evidence was relevant, and therefore admissible, any error in excluding the evidence was harmless. Trial error will be deemed harmless if the reviewing court is convinced beyond a reasonable doubt that the error did not

---

[4]     The informant later admitted to the police that the missing $500 was hidden under a floor mat in his car, where it was discovered during a search following the controlled buy.

contribute to the verdict. *Chapman v. California*, 386 U.S. 18, 24 (1967); *State v. Perry*, 150 Idaho 209, 226-27, 245 P.3d 961, 978-79 (2010). As discussed above, the State's evidence demonstrated that Gosch arranged to sell one pound of marijuana, accepted $2,800 in payment from the informant, and delivered a package of marijuana to the informant. Part of the buy money was later found in Gosch's wallet. Seven bags of marijuana weighing a total of 2.88 pounds were discovered in Gosch's vehicle and Gosch's fingerprint was discovered on one of the bags. In view of this compelling evidence, we are convinced beyond a reasonable doubt that even if the court erred by excluding testimony indicating that no incriminating evidence was found during the search of the home belonging to Gosch's parents, that error did not contribute to the verdict.

## C.     Sentence Review

Gosch asserts that the district court abused its discretion by imposing concurrent sentences of sixteen years with six years determinate, and again abused its discretion by denying his motion to reduce his sentence. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In

presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Gosch does not allege that his sentence exceeds the statutory maximum (a potential sentence of life imprisonment due to the persistent violator enhancement), and he thus bears the burden of proving a clear abuse of discretion. At sentencing Gosch expressed remorse, made attempts to accept responsibility for his actions, indicated that he had family support, and demonstrated a positive work history. However, the district court concluded that Gosch continued to blame others for his crimes, that he had not demonstrated that he was a good candidate for rehabilitation, and that incarceration was necessary both for the protection of society and "to send a message that we don't tolerate drug trafficking in this community." At the hearing on Gosch's Rule 35 motion, defense counsel presented argument regarding an intensive long-term drug counseling program to which Gosch had been "all but accepted." The district court determined that a reduction of Gosch's sentence would be inappropriate.

Between 2000 and 2005, Gosch was convicted of one felony count of theft, and two misdemeanors: possession of drug paraphernalia and possession of marijuana. In 2006, he was convicted of three additional felonies: manufacturing a controlled substance, possession of a controlled substance with intent to manufacture or deliver, and possession of more than three ounces of marijuana. As a result of the three felony convictions, Gosch was sentenced to a five-year unified term of imprisonment with one year fixed but the sentence was suspended, and he was placed on probation. While on probation, Gosch was charged with two drug-related crimes that were eventually dismissed, and was charged and convicted of felony eluding a police officer resulting in an additional five-year sentence. He also committed multiple probation violations resulting in the execution of his previously suspended sentence. Gosch was incarcerated and subsequently released on parole. While on parole, he was convicted of inattentive or careless driving, reduced from a charge of driving under the influence, was sentenced to fifty-two days of

jail time, and was given credit of fifty-two days for time served. He was still on parole when he committed the instant offenses of trafficking in marijuana.

Having reviewed the record and considered the sentencing factors, including the nature of the crime and Gosch's criminal history, we conclude that the sentences imposed do not constitute a clear abuse of discretion, and that the district court did not abuse its discretion when it denied Gosch's Rule 35 motion.

## III.

## CONCLUSION

The State presented sufficient evidence to demonstrate that Gosch trafficked in marijuana, and the exclusion of testimony regarding a search conducted at the home of Gosch's parents did not constitute reversible error. Gosch has not demonstrated that the district court abused its discretion by imposing concurrent sentences of sixteen years with six years determinate or by denying his Rule 35 motion. Accordingly, Gosch's judgment of conviction, sentences, and the district court's order denying his Rule 35 motion are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**