**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41549**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 23 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN JOSEPH FAIRCHILD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction for grand theft, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

John Joseph Fairchild appeals from his judgment of conviction for grand theft. Fairchild claims that the district court abused its discretion by denying his motion for a mistrial based on the amendment of the charging information in chambers and outside of his presence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Fairchild was charged with grand theft of an all-terrain vehicle (ATV). During jury selection, the parties agreed to exercise their peremptory challenges in chambers outside of the jury's presence. Through counsel, Fairchild waived his appearance during the exercise of the peremptory challenges. After the peremptory challenges were made, the district court discussed

jury instructions with both counsel while still in chambers. This led to a discussion of the charging jury instruction, which contained language from a proposed amended information that the state had provided to Fairchild five months prior, but had failed to file with the district court. Specifically, the original information charged that Fairchild had stolen the ATV "with the intent to appropriate to himself property of another," while the amended information charged that Fairchild had done so "with the intent to deprive another of property or to appropriate to himself certain property of another." The state moved to amend the information pursuant to Idaho Criminal Rule 7(e).[1] Fairchild's counsel objected, arguing that the amendment charged a different offense and was, therefore, impermissible under I.C.R. 7(e). However, Fairchild's counsel conceded that he had previously been provided with the amended information and could claim no surprise. The district court allowed the amendment, ruling that it did not charge a different or additional offense and that the amendment did not prejudice Fairchild's substantial rights. The case proceeded to trial and the jury found Fairchild guilty of grand theft. I.C. §§ 18-2403(1) and 18-2407(1)(b)(1).

Fairchild filed a motion for a new trial, contending that the district court's decision to allow the amendment of the information was improper and that allowing the information to be amended in chambers outside of Fairchild's presence violated his right to a public trial and to be present at trial. The district court denied Fairchild's motion after a hearing. Fairchild was sentenced to a unified term of eight years, with a minimum period of confinement of three years. Fairchild appeals.

## II.

## ANALYSIS

Fairchild contends that the district court erred in denying his motion for a new trial because the amendment to the information should not have been done in chambers and outside of his presence. A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a

---

[1] Idaho Criminal Rule 7(e) provides that "the court may permit a complaint, an information[,] or [an] indictment to be amended at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code Section 19-2406 provides the only substantive bases upon which a new trial may be granted in a criminal case. *State v. Gomez*, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994); *State v. Lankford*, 116 Idaho 860, 873, 781 P.2d 197, 210 (1989); *State v. Carlson*, 134 Idaho 389, 397, 3 P.3d 67, 75 (Ct. App. 2000). Idaho Criminal Rule 34, which provides that the trial court may grant a new trial to the defendant "if required in the interest of justice," is not grounds for a new trial, but instead sets forth the standard that a trial court must apply when it considers a motion for new trial. *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997); *Carlson*, 134 Idaho at 397, 3 P.3d at 75. Thus, a trial court does not abuse its discretion unless a new trial is granted for a reason not delineated in I.C. § 19-2406 or the decision to grant or deny a motion for a new trial is manifestly contrary to the interests of justice. *Lankford*, 116 Idaho at 873, 781 P.2d at 210; *State v. Critchfield*, 153 Idaho 680, 683, 290 P.3d 1272, 1275 (Ct. App. 2012). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

Fairchild contends that he was deprived of his right to be present during his trial when the district court allowed the information to be amended in chambers and outside of his presence. Thus, he claims that the district court should have granted his motion for a new trial because, under I.C. § 19-2406(1), "the trial [was] had in [Fairchild's] absence."

A defendant's right to be personally present at his or her trial for a felony or serious offense is embodied in the Due Process Clauses of both the Fifth and Fourteenth Amendments and the Confrontation Clause of the Sixth Amendment. *United States v. Gagnon*, 470 U.S. 522, 526 (1985). This right is also enshrined in Article I, Sections 7 (right to trial by jury) and 13 (right to a speedy and public trial) of the Idaho Constitution. The legislature codified this

3

protection as I.C. § 19-1903, which provides that, "if the indictment is for a felony, the defendant must be personally present at the trial." Finally, I.C.R. 43(a) further assures this right, providing:

> The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

However, as with most rights, the right to be present at trial is not absolute. *State v. Dunlap*, 155 Idaho 345, 368, 313 P.3d 1, 24 (2013); *see also Kentucky v. Stincer*, 482 U.S 730, 745 (1987) (concluding that a defendant has "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his [or her] presence would contribute to the fairness of the procedure").

In *Stincer*, the United States Supreme Court reaffirmed that, even in situations where the defendant is not confronting a witness or evidence against him or her, a defendant has a due process right to be present at a proceeding whenever his or her presence has a relation, reasonably substantial, to the fullness of his or her opportunity to defend against the charge. *Id.*; *see also Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). The defendant's presence is a condition of due process to the extent that a fair and just hearing would be thwarted by his or her absence. *Stincer*, 482 U.S. at 745. Thus, a defendant's privilege of presence is not guaranteed when presence would be useless or the benefit but a shadow. *Id.* The Court has also cautioned that the exclusion of a defendant from a trial proceeding should be considered in light of the whole record. *See Gagnon*, 470 U.S. at 526-27.

In *Gagnon*, the Court applied these principles and held that a defendant did not have a due process right to be personally present during an in-chambers meeting between the judge and a juror to determine if the juror had been prejudiced against the defendant as a result of the defendant sketching pictures of the jury during the trial. The Court concluded that the defendant's presence was not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge. *Gagnon*, 470 U.S. at 527. The encounter between the judge and juror was "a short interlude in a complex trial" that "was not the sort of event which every defendant had a right personally to attend." *Id.* This was because the defendant "could have done nothing had [he] been at the conference, nor would [he] have gained anything by attending." *Id.*

4

Similarly here, the in-chambers hearing at which the information was amended was also a short interlude that occurred prior to the trial. Like the in-chambers conference between the judge and juror in *Gagnon*, the hearing here was not an aspect of the trial which Fairchild had a right to personally attend because the hearing here only involved a question of law that allowed for no testimony or introduction of evidence. Fairchild could not have personally affected the outcome of the hearing or gained anything substantive from attending. As noted by the district court, the amendment to the information "would have been made either with or without [Fairchild] being present." The record makes clear that Fairchild's absence did not impair his ability to understand the charge against him or to present evidence on his behalf. Indeed, when considered in light of the entire proceeding, there is no indication that the brief hearing held outside Fairchild's presence impaired, much less thwarted, his right to a fair and just trial. As a result, the district court did not abuse its discretion in denying Fairchild's motion for a new trial on this basis.

Fairchild further claims the district court should have granted his motion for a new trial based on I.C. § 19-2406(5), which allows for a new trial when the court "has erred in the decision of any question of law arising during the course of the trial." Fairchild contends that the district court erred in its decision to allow amendment of the information and to do so in chambers outside of Fairchild's presence. As has already been discussed, the district court's decision to address the state's motion to amend while still in chambers was not an abuse of discretion and, therefore, was not error. Moreover, Fairchild's counsel did not object to addressing the amendment of the information in chambers, so there was no decision of the district court regarding any question of law on that basis. Thus, absent such an objection and decision on a question of law, this claim cannot be grounds for granting a new trial under I.C. § 19-2406(5). *Cf. State v. Christiansen*, 144 Idaho 463, 470, 163 P.3d 1175, 1182 (2007) (noting that, because the court was not asked to make any decision regarding the admissibility of certain testimony, that testimony could not be grounds for granting a new trial under I.C. § 19-2406(5)).

Fairchild also argues that, because the disputed hearing was held in chambers and outside of the presence of the public and jury, his right to a public trial was violated. He does not raise this issue independently on appeal, but claims that it provides an alternative basis on which the

district court should have approved his motion for a new trial under I.C. § 19-2406(1). However, that provision only permits the trial court to grant a new trial if the trial was had in the *defendant's* absence, not the absence of the public. Instead, the alleged violation of the right to a public trial could justify a new trial only under I.C. § 19-2406(5), which allows a trial court to grant a motion for a new trial when the court has "erred in a decision of any question of law arising during the course of the trial." But, as with Fairchild's claim that the hearing was held outside his presence, there was no objection to this alleged error, so there was no decision by the district court as to any question of law on this basis. Indeed, absent a defense objection, the right to a public trial cannot be violated in any event, as the right applies only when all or part of the trial is closed over a defense objection. *See Waller v. Georgia*, 467 U.S. 39, 42 (1984) (noting that the suppression hearing in the defendant's case was closed to the public *over the defendant's objection* before addressing the merits of the claim that the defendant's right to a public trial was violated); *see also State v. Overline*, 154 Idaho 214, 219, 296 P.3d 420, 425 (Ct. App. 2012) (noting that one defendant's case in *Waller* was remanded for consideration of whether he was procedurally barred under state law from challenging the closure of the suppression hearing on appeal because his counsel did not object to the closure). Moreover, counsel is permitted to waive a defendant's right to a public trial, which Fairchild's counsel tacitly did here by objecting to and arguing the merits of the state's motion to amend outside the presence of the jury. *See Overline*, 154 Idaho at 219, 296 P.3d at 425 (concluding that waiver of the right to a public trial is not a decision for which the defendant's consent is required). Thus, this claim also cannot be grounds for granting a new trial under I.C. § 19-2406(5).[2]

---

[2] Even if there had been an objection and ruling on that issue, Fairchild failed to establish that his right to a public trial encompassed the brief hearing at issue here. Fairchild cited to *Waller* for support, but finds none there. In *Waller*, the Court extended the right to a public trial to a suppression hearing because it involved witness testimony and resembled a bench trial, and holding the hearing in public ensured that the judge and prosecutor carried out their duties responsibly, encouraged witnesses to come forward, discouraged perjury, and exposed allegations of police misconduct to the salutary effects of public scrutiny. *Waller*, 467 U.S. at 42. The hearing in this case involved only a question of law and implicated none of the concerns or potential benefits at issue in *Waller*. Thus, there is no basis for extending the right to a public trial to include the hearing at issue here.

6

### III.

### CONCLUSION

Fairchild failed to show that the district court abused its discretion by denying his motion for a new trial based on the district court's decision to hold the hearing on the state's motion to amend the information in chambers and outside Fairchild's presence.  Accordingly, Fairchild's judgment of conviction for grand theft is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.